IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

DAVID GARY GILL,

        Plaintiff,

v.

CIT BANK, N.A. *fka* ONEWEST BANK, FSB; OWB REO; and DOE DEFENDANTS 1-50,

        Defendants.

Civ. No. 17-00400 ACK-KSC

# ORDER REMANDING CASE FOR LACK OF JURISDICTION AND DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT

For the reasons set forth below, the Court finds that it lacks subject-matter jurisdiction under the Rooker-Feldman doctrine and accordingly REMANDS this matter to state court. Defendants' Motion to Dismiss, ECF No. 5, is therefore DENIED AS MOOT.

## BACKGROUND

On April 18, 2017 Plaintiff David Gary Gill ("Plaintiff") filed a complaint in state court. Notice of Removal ¶ 1, ECF No. 1. On August 14, 2017, Defendants CIT Bank, N.A., *fka* OneWest Bank, N.A., *fka* OneWest Bank, FSB ("OneWest Bank" or "OneWest"), and OWB REO LLC (collectively, "Defendants") timely removed this case from state court on the basis of diversity jurisdiction. Id. ¶¶ 4-6.

Plaintiff alleges that in April 2006 he executed a mortgage in favor of IndyMac Federal Bank, FSB, to be recorded against his property as security for his performance under a promissory note in the amount of $903,000. Compl. ¶ 16, ECF No. 1-2 ("Compl."). The mortgage agreement was a standard-form single family residential mortgage provided by IndyMac, which was recorded in the State of Hawaii Office of Assistant Register ("Land Court") around April 21, 2006. Id. In February 2010, OneWest claimed to be the mortgagee following assignment from the Federal Deposit Insurance Corporation after IndyMac was placed in receivership.[1] Id. ¶¶ 5, 17.

On May 3, 2011, OneWest acted under a power of sale clause in the mortgage and conveyed the property to OWB REO through a quitclaim deed, which was recorded on August 1, 2011. Id. ¶ 19. Plaintiff alleges that either (1) OWB REO owned the mortgage, and OneWest was acting as its agent or alter ego, or (2) OWB REO was a nominee, agent, or alter ego of OneWest. Id. ¶ 8. On August 17, 2011, OneWest filed a complaint in state

---

[1] According to Plaintiff, OneWest Bank, FSB was converted to a national bank in February 2014. Compl. ¶ 5. OneWest Bank, N.A. then merged with CIT Bank, N.A., with OneWest as the surviving bank, wholly owned by CIT Group. Id. OneWest then changed its corporate title to CIT Bank, N.A. Id. Plaintiff refers to this entity as "OneWest Bank," while Defendants refer to it as "CIT Bank" or "CITB." For clarity, the Court will refer to it as "OneWest Bank" or "OneWest" as this was the name during the relevant time period.

district court for summary possession and ejectment ("Ejectment Action"). Motion, ECF No. 5 ("Mot."), Ex. F. The state court minutes for a September 13, 2011 hearing note that "confession [was] entered as to possession." Mot., Ex. G. The state court then issued a Judgment for and Writ of Possession on September 23, 2011. Mot., Exs. H-I. On October 11, 2011, the state court dismissed the case, which had been continued for a hearing on the status of the damages claim, as neither party was present. Mot., Ex. G.

On May 31, 2012, OWB REO executed a special warranty deed for the property to Hawaii Retail Services, LLC, which deed was recorded on June 20, 2012. Compl. ¶ 21. Hawaii Retail then executed a warranty deed for the property to Ryno Irwin, as trustee of the Ryno Irwin Revocable Living Trust Agreement, on March 21, 2013, which deed was recorded on April 17, 2013. Id. ¶ 22.

Based on the foregoing, Plaintiff has alleged two claims here: (1) quiet title, ejectment, and declaratory relief, and (2) wrongful foreclosure. Id. ¶¶ 13-59. Plaintiff claims that the initial sale from OneWest to OWB REO was improper because OneWest did not strictly comply with the power of sale requirements. Id. ¶ 23. He alleges that the notice of acceleration he received was defective; the notice of intent to foreclose contained an inadequate description of the property;

only a quitclaim deed was offered; no written notice of the postponed date on which the property was to be sold was ever published; and the foreclosure affidavit did not show diligent efforts were used to secure the best price.  Id.

In particular, Plaintiff complains that although the foreclosure sale was advertised in writing for September 8, 2010, the sale did not take place until May 3, 2011 at a different location than advertised[2] and no written notice of the change in date or location was published.  Id. ¶¶ 19, 36-38.  Plaintiff asserts that the Hawaii Supreme Court held in Hungate v. Law Office of David B. Rosen, 139 Haw. 394, 391 P.3d 1 (Haw. 2017) that mortgagees were required to publish notices for postponed auctions under the power of sale, and therefore claims that the sale here was wrongful and unlawful.  Id. ¶¶ 39-40.  As such, Plaintiff claims entitlement to possession and title, or alternatively rescissory damages.  Id. ¶ 24.  Plaintiff also claims damages under his wrongful foreclosure claim for lost use and rental value, as well as punitive damages.  Id. ¶¶ 57-58.

Defendants filed their Motion to Dismiss on August 21, 2017.  Mot., ECF No. 5.  Plaintiff filed his Opposition on

---

[2] Plaintiff alleges that the sale location had been advertised as the public sidewalk by the flagpole at the First Circuit Court in Honolulu.  Compl. ¶ 38.  However, prior to July 21, 2010, the Circuit Court advised that auctions would no longer be permitted on its property.  Id.  Around October 2010, OneWest's agents began noticing sales at a different location.  Id.

October 30, 2017.  ECF No. 18 ("Opp.").  Defendants filed their Reply on November 6, 2017.  ECF No. 19 ("Reply").  On November 8, 2017, the Court ordered supplemental briefing regarding whether it had subject-matter jurisdiction under the Rooker-Feldman doctrine.  ECF No. 20.  Both Defendants and Plaintiff filed supplemental memoranda on November 15, 2017.  ECF No. 21 ("Defs. Supp. Mem."); ECF No. 22 ("Pl. Supp. Mem.").  Both parties filed supplemental responses on November 21, 2017.  ECF No. 23 ("Defs. Supp. Resp."); ECF No. 24 ("Pl. Supp. Resp.").

The Court held a hearing on Defendants' Motion on December 7, 2017.

## **STANDARD**

Rule 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In resolving a Rule 12(b)(6) motion, the Court must

construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). "In considering a motion to dismiss, the court is not deciding whether a claimant will ultimately prevail but rather whether the claimant is entitled to offer evidence to support the claims asserted." Tedder v. Deutsche Bank Nat'l Trust Co., 863 F. Supp. 2d 1020, 1030 (D. Haw. 2012) (citing Twombly, 550 U.S. at 563 n.8).

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996). However, courts may "consider certain materials — documents attached to the complaint, documents incorporated by reference in the complaint,

or matters of judicial notice — without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

If the Court dismisses the complaint, it should grant leave to amend regardless of whether a request has been made, unless it determines that the pleading cannot be cured by new factual allegations. OSU Student All. v. Ray, 699 F.3d 1053, 1079 (9th Cir. 2012).

**DISCUSSION**

**I.  Judicial Notice**

Defendants seek to have this Court take judicial notice of thirteen exhibits attached to its motion to dismiss, which Plaintiff does not appear to oppose. Mot. at 8-9 & n.4. "A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001); see also MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (taking judicial notice of filings in separate court action). A court may also consider a document referenced in the complaint if it is central to the plaintiff's claim and no party questions the authenticity of the copy attached to the motion. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). In addition, "judicial notice may be taken of documents available on government websites." Long v. JP Morgan

Chase Bank, Nat'l Ass'n, 848 F. Supp. 2d 1166, 1170 n.1 (D. Haw. 2012) (internal citation and quotation omitted). All of the documents for which Defendant seeks judicial notice are public records, referenced in the complaint and central to Plaintiff's claims, and/or available on government websites. The Court finds judicial notice of all of these documents appropriate.

**II. Rooker-Feldman Doctrine**

"Removal and subject matter jurisdiction statutes are strictly construed and a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Hawaii v. HSBC Bank Nevada, N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (internal citation and quotation omitted) (reversing district court judgment for lack of subject-matter jurisdiction and remanding to state court). "[T]he Court has an independent duty to address jurisdiction and standing 'even when not otherwise suggested.'" Yamada v. Weaver, 872 F. Supp. 2d 1023, 1037 (D. Haw. 2012) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)). As such, the Court first turns to whether the Rooker-Feldman doctrine deprives it of jurisdiction, with the aid of the supplemental briefing requested from the parties.

"The Rooker-Feldman doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts." Cooper v. Ramos, 704 F.3d

772, 777 (9th Cir. 2012). "The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." Id. "To determine whether an action functions as a de facto appeal, we 'pay close attention to the *relief* sought by the federal-court plaintiff.'" Id. at 777-78 (emphasis in original) (quoting Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003)). "It is a forbidden de facto appeal under Rooker-Feldman when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Id. at 778 (internal citation and quotation omitted). In the Ninth Circuit, "only when there is already a forbidden de facto appeal in federal court does the 'inextricably intertwined' test come into play." Id. (internal alteration, citation, and quotation omitted). Claims are inextricably intertwined "where the relief requested in the federal action would effectively reverse the state court decision or void its ruling." Id. at 779 (internal citation and quotation omitted).

The Ninth Circuit has noted that "[d]etermining what constitutes a forbidden de facto appeal...has sometimes proven difficult for the lower courts." Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004). It has cautioned that "where the federal plaintiff does not complain of a legal injury caused

by a state court judgment, but rather of a legal injury caused by an adverse party, Rooker-Feldman does not bar jurisdiction." Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003). If there is an "independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 293 (2005) (internal alteration, citation, and quotation omitted).

In Sakuma v. Association of Apartment Owners of the Tropics at Waikele, the plaintiff brought a wrongful foreclosure claim relating to a series of prior actions through which she had lost her property. Civ. No. 16-00274 DKW-KJM, 2016 WL 6433842, at *4-6 (D. Haw. Oct. 28, 2016). After a global settlement regarding two actions brought in 2001 and 2002, the defendant had recorded a lien against the plaintiff's property in 2005. Id. at *2. In 2007, the defendant brought a judicial foreclosure action and obtained a decree of foreclosure in 2008. Id. The plaintiff also sought in 2008 to reopen the 2002 action for fraud by the defendant's attorney, which case was dismissed for lack of jurisdiction as the foreclosure sale had already occurred. Id. at *3. In the wrongful foreclosure action, the court noted that allegations relating to whether there was a right to foreclose, including whether the allegedly illegitimate

lien had been fraudulently recorded, could not support her claims for relief without running afoul of Rooker-Feldman.  Id. at *7.  The court determined that finding that the 2005 lien on her property was illegitimate would nullify the decree of foreclosure.  Id. at *6.  As such, the court concluded that ruling in the plaintiff's favor "would effectively reverse and void the decisions of the Hawaii state courts" and thus the court lacked jurisdiction.  Id. at *6.

Similarly in Hicks v. Wells Fargo Bank, N.A., the plaintiff alleged quiet title and fraud, claiming that the defendant had no authority to conduct non-judicial foreclosure and no right to eject her from the property, despite having lost a prior ejectment action brought by the defendant.  Civ. No. 12-00063 DAE-KSC, 2012 WL 346660, at *1 (D. Haw. Feb. 2, 2012).  The court concluded it lacked jurisdiction under Rooker-Feldman as "the injury Plaintiff alleges arises from the state court's purportedly erroneous Judgment and Writ of Ejectment," and "[w]ithout the State Court Judgment, [the defendant] would not be ejecting Plaintiff from the Subject Property."  Id. at *2.

Defendants argue that Rooker-Feldman does not bar jurisdiction here because Plaintiff's injuries were caused by the allegedly illegal or wrongful non-judicial foreclosure proceedings conducted by Defendants, rather than an injury caused by the state court Judgment for Possession.  Defs. Supp.

Mem. at 2, 7. However, Plaintiff is not merely seeking to recover title; he also seeks to recover possession and damages resulting from the lost possession. See Compl. ¶¶ 56-57; Pl. Supp. Mem. at 8. While the non-judicial foreclosure involved title, the issue of possession was not determined until the Ejectment Action. See Mot., Exs. F, H; see also Mot. at 2 (noting Plaintiff seeks to recover possession, which was already adjudicated). Plaintiff also alleges that violations of the power of sale were apparent from the Foreclosure Affidavit, Compl. ¶ 46, and as such argues that the Judgment dispossessing him of the property was erroneous since OneWest did not have valid title.[3] Pl. Supp. Resp. at 4-5.

Though not expressly styled as an appeal, the injuries Plaintiff alleges stem, at least in part, from the state court's Judgment for Possession. The Judgment is undoubtedly a final judgment, as proceedings end for purposes Rooker-Feldman "when the state courts finally resolve the issue that the federal court plaintiff seeks to relitigate in a federal forum, even if

---

[3] Plaintiff also argues that he is challenging a legal wrong because the record showed contradictory ownership on its face, and he was not required to make any submission placing title in dispute in order to divest the court of jurisdiction. Pl. Supp. Resp. at 5 n.3. However, Plaintiff has cited no authority in support of this exception to the general rule in Hawaii that to divest the state district court of jurisdiction, the defendant in an ejectment action must set forth in an affidavit sufficient facts to put title in question. See Deutsche Bank Nat'l Trust Co. v. Peelua, 126 Haw. 32, 33, 265 P.3d 1128, 1129 (Haw. 2011).

other issues remain pending at the state level." Mothershed v. Justices of Supreme Court, 410 F.3d 602, 604 n.1 (9th Cir. 2005), as amended on denial of reh'g (July 21, 2005), opinion amended on denial of reh'g, No. 03-16878, 2005 WL 1692466 (9th Cir. July 21, 2005). Indeed, Defendants are asserting that Plaintiff's claims are precluded under the doctrine of res judicata and/or collateral estoppel based on the state court Judgment.

The Court is mindful of the Ninth Circuit's instruction that the relief sought deserves close attention in determining whether the action is a de facto appeal. Cooper, 704 F.3d at 777-78. Having carefully reviewed this issue, the Court concludes that the restoration of possession which Plaintiff seeks here indicates that his injury arises at least in part from the state court Judgment dispossessing him of the property and his claims thus constitute a de facto appeal. In addition, ruling in his favor would effectively reverse or void the state court ruling, and thus Plaintiff's claims for quiet title and wrongful foreclosure are inextricably intertwined with the Judgment for Possession and are barred by Rooker-Feldman.

The Court also notes that Plaintiff's claims do not appear to fall within the extrinsic fraud exception to Rooker-Feldman, even though he contends that the state court Judgment was procured by fraud. Pl. Supp. Mem at 7. Rooker-Feldman does

not bar claims of extrinsic fraud, which is "conduct which prevents a party from presenting his claim in court." Kougasian, 359 F.3d at 1140 (internal citation and quotation omitted). Plaintiff's claim that Defendants procured possession through a false claim of title constitutes intrinsic fraud, which is subject to the Rooker-Feldman bar. See Green v. Ancora-Citronelle Corp., 577 F.2d 1380, 1384 (9th Cir. 1978) (intrinsic fraud "go[es] to the very heart of the issues contested in the state court action"). Since nothing prevented Plaintiff from challenging Defendants' claim of title during the Ejectment Action, the extrinsic fraud exception to Rooker-Feldman does not apply. See Pl. Supp. Resp. at 5 n.2 (indicating that the extrinsic fraud exception does not appear to apply).

In light of the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this matter under Rooker-Feldman, and the Motion should be dismissed as moot.

## CONCLUSION

For the foregoing reasons, the Court finds that it lacks subject-matter jurisdiction over this action pursuant to the Rooker-Feldman doctrine. This case shall be REMANDED to Circuit Court of the First Circuit, State of Hawaii. Defendants' Motion is therefore DENIED AS MOOT.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 8, 2017.



_____
Alan C. Kay
Sr. United States District Judge

Gill v. CIT Bank, N.A., et al., Civ. No. 17-00400 ACK-KSC, Order Remanding Case for Lack of Jurisdiction and Denying Defendants' Motion to Dismiss as Moot.